**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERRY LYNN ARMES,<br><br>　　　　　Plaintiff - Appellant,<br><br>　　v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>　　　　　Defendant - Appellee. | No. 25-2336<br><br>D.C. No.<br>1:23-cv-00905-SCR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Sean C. Riordan, Magistrate Judge, Presiding

Submitted August 10, 2026[**]
San Francisco, California

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges.

Sherry Lynn Armes challenges the district court's order affirming a decision

by an administrative law judge ("ALJ") denying Armes Social Security disability

insurance benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's order de novo, and we will not overturn the denial of benefits unless it is either not supported by substantial evidence or is based upon legal error. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (simplified). We affirm.

1. The ALJ gave clear and convincing reasons to reject Armes' subjective symptom testimony and the ALJ's decision is supported by substantial evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (explaining the two-step analysis an ALJ must engage in when evaluating a claimant's subjective testimony). The ALJ identified numerous inconsistencies between Armes' subjective limitations and the record evidence, and also considered positive response to treatment, lack of treatment, and exercise activities. For example, although Armes claimed disabling heart problems, the ALJ pointed out that Armes' heart problems had improved following a few heart procedures and bariatric surgery and the that medical records showed she "was asymptomatic from a cardiac perspective" on several occasions during the relevant period of time. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). As to

Armes' alleged "extreme" left knee pain, the ALJ noted that the medical record shows the pain was "stable" with pain medication without significant side effects. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for purpose of determining eligibility for SSI benefits."). Lastly, regarding Armes' claim of extreme difficulty using her left hand, the ALJ noted the lack of treatment for her hand despite her claims that it was "really painful." *See also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that a claimant's lack of treatment "is powerful evidence regarding the extent to which she was in pain").

2.    Substantial evidence supports the ALJ's decision to discredit Armes' treating physician's outlier medical opinion because it lacked supportability and was inconsistent with the record evidence. *See Woods*, 32 F.4th at 791–92. The ALJ found Armes' treating physician's ("Doctor") opinion not supportable because it was provided in a checklist-style format with minimal objective findings or rationale to support the limitations. For example, the Doctor's opinion failed to justify the extreme limitations to Armes' physical restrictions and Armes' heart diagnostics during the relevant period showed mild abnormalities, which is at odds with the Doctor's extreme limitations. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately

supported by clinical findings." (simplified)).  Also, the Doctor's own treatment notes repeatedly show normal examination findings which do not support the extreme exertional or postural limitations.

Additionally, the Doctor's opinion was inconsistent with the medical record. The Doctor's extreme limitations are at odds with other observations of treating providers and with the opinion of a consultative treating physician finding Armes "with generally intact musculoskeletal findings, full strength, and normal gait during office visits."  Thus, substantial evidence supports the ALJ's conclusions.

3.      Substantial evidence supports the ALJ's residual functional capacity ("RFC") determination.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  In making the RFC determination, the ALJ considered the record as a whole and determined that Armes could perform light work with additional postural and environmental limitations.  *See Woods*, 32 F.4th at 793 (noting that the ALJ is required to consider all of the claimant's medically determinable impairments including those that are not severe).  Contrary to Armes' contentions, the ALJ expressly considered Armes' left knee problems and her heart failure problems.  Additionally, the ALJ also relied on three persuasive and consistent medical opinions.  These medical opinions found that Armes could perform a reduced range of light work based on their observations and the objective medical record.  Armes does not challenge the ALJ's persuasiveness determinations for

25-2336

these opinions. Although the ALJ did not expressly mention the alleged limitations of Armes' left hand in the RFC discussion, the ALJ had previously discounted Armes' subjective symptoms finding them non-severe and noting the lack of treatment for this alleged limitation. It also expressly noted that Armes' "non-severe impairments" were "considered when formulating the [RFC]." We discern no error in the ALJ's RFC determination.

4. Substantial evidence supports the ALJ's determination that Armes could perform her past relevant work. Here, Armes' argument is based on her claim that she has extreme limitations in her hands and wrists, but as explained above, the ALJ was permitted to discounted both her subjective symptom testimony and the outlier medical opinion of Armes' treating physician. Thus, the ALJ was not obligated to accept the alleged severity of Armes' limitations or find that they prevented her from performing her past relevant work. *See Bayliss*, 427 F.3d at 1217 (noting that a hypothetical to a vocational expert is only required to include "all of the limitations that the ALJ found credible and supported by substantial evidence in the record.").

**AFFIRMED.**